**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NAVDEEP SINGH, | No. 13-73121 |
| Petitioner, | Agency No. A201-295-480 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,[**] Senior District
Judge.

Navdeep Singh petitions from the Board of Immigration Appeals's decision

denying him asylum and relief under the Convention Against Torture. The BIA

held that Singh did not prove that he was persecuted on account of a protected

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

activity.  We agree and deny Singh's petition as to his asylum claim.  As to his CAT claim, however, we grant Singh's petition and remand back to the BIA.

A.     *Substantial Evidence Supports the BIA's Denial of Asylum*

We review legal questions de novo, and we review the BIA's factual findings for substantial evidence.  *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015).  We may only reverse the BIA's decision if Singh shows that "the evidence *compels* the conclusion that the asylum decision was incorrect."  *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006).

Singh argues that the record evidence compels the conclusion that he was persecuted on account of his political opinion.  He relies on evidence showing that he was attacked by members of the Congress party in India because he refused to join their party.  Singh argues that in refusing to join the Congress party he was expressing a political opinion—and that by being attacked for this refusal, he was thus persecuted on account of his political opinion.  We disagree.

Singh must prove that his persecutors attacked him because they perceived he was expressing a political opinion.  *Regalado-Escobar v. Holder*, 717 F.3d 724, 730 (9th Cir. 2013).  Crucially, we have held that an applicant does not necessarily express a political opinion by refusing to join a political party.  *Id.*; *see also I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (rejecting argument that "not taking

2

sides with [a] political faction is itself the affirmative expression of a political opinion"). After all, in the mind of his persecutors, the applicant may have refused to join a political party or faction for reasons unrelated to political ideology (such as an unwillingness to personally participate in the parties' activities). *Elias-Zacarias*, 502 U.S. at 483.

Instead, the applicant must show not only that he was persecuted for refusing to join a party, but also that his persecutors viewed this refusal to be political: a "principled opposition" to the party or its methods. *Regalado*, 717 F.3d at 730; *see also id.* (holding that a refusal to join the FMLN party would only qualify as a protected political opinion if it amounted to "opposition to the [group's] ideology"). In other words, refusing to join a party is not the same as expressing ideological opposition to that party—and we have held that only the latter is protected political opinion for purposes of asylum. *Id.*

The BIA held that Singh failed to prove that his persecutors perceived his refusal to join them as a political opinion, and the record does not compel us to conclude that the BIA erred. There is little evidence in the record indicating that Singh's persecutors ascribed political meaning to his refusal to join them. Singh testified that he never told his persecutors of his political ideology or that he opposed his attackers' party or ideology. There is little evidence Singh's

persecutors otherwise knew of his political beliefs or had reason to attach political meaning to his refusal to join them. Nor did Singh produce evidence showing that Congress party members generally perceive any refusal to join them as motivated by opposition to the party's ideology or practices. From his persecutors' perspective, Singh may have refused to join the Congress party because of the violent treatment he received at the hands of certain party members, or because he did not want to personally participate in the types of violence used against him.

While it could be that Singh's persecutors did in fact attack him because they perceived his refusal to be politically charged—Singh did not provide evidence *compelling* that conclusion. Because the BIA's determination is supported by substantial evidence, we must deny Singh's petition as to his asylum claim.

B.   *Singh's CAT Claim Should be Remanded*

The parties agree that Singh's petition should be granted in part so as to remand his CAT claim back to the BIA for further consideration. Where evidence in the record would be probative to the CAT analysis but the BIA does not indicate how it viewed or weighed the evidence, we have often remanded for a fuller explanation of the agency's reasoning. *See, e.g., Madrigal v. Holder*, 716 F.3d 499, 508–09 (9th Cir. 2013); *Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011).

4

The IJ and BIA ignored probative evidence in the record, such as the fact that law enforcement was unwilling to respond when Singh reported the attacks. We thus remand Singh's CAT claim for a fuller explanation of the agency's reasoning.

The petition for review is DENIED as to Singh's asylum claim, but we remand back to the BIA Singh's claim under the Convention Against Torture.